RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 4/16/13

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| YILVER MORADEL PONCE | DOCKET NO. 1:10-CV-1478; SEC. P |
| VERSUS | JUDGE TRIMBLE |
| LA DEPT. OF CORRECTIONS, ET AL. | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Pro se Plaintiff, Yilver Moradel Ponce, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983. Plaintiff is an inmate in the custody of Louisiana's Department of Corrections (DOC), incarcerated at the Winn Correctional Center (WNC) in Winnfield, Louisiana. He complains that he was subjected to strip searches in violation of his Constitutional rights.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Factual Allegations*

Plaintiff complains that the DOC has failed to monitor Corrections Corporation of America (CCA) in accordance with DOC rules and regulations. Plaintiff claims that the DOC has materially breach their contract with CCA by failing to properly monitor CCA. He alleges that he has been subjected to illegal searches since he began working in the Prison Enterprises Garment

Factory at WNC on December 14, 2009 as a sewing machine operator.[1] [Doc. #1, p.6]

Plaintiff alleges that the contractor is in default of a Management Services Contract. He also claims that the failures under the contract have resulted in gross violations of Department Regulations.

Plaintiff claims that twice per day he is forced to undergo a strip and visual body cavity search when leaving the garment factory. [Doc. #1, p.7] He argues that the searches are unnecessary because no inmate can leave the garment factory until all tools are collected. Also, the inmates pass through metal detectors when leaving the factory.

He complains that the searches are being conducted in view of other inmates and without probable cause, all in violation of DOC rules and regulations. [Doc. #1, p.8]

## Law and Analysis

First, strip searches, including visual cavity searches, on convicted prisoners do not require probable cause or reasonable suspicion. See Bell v. Wolfish, 441 U.S. 520, 558-59 (1979)(finding visual strip searches conducted without probable cause were not unreasonable under the Fourth Amendment). A strip search or visual body cavity search of a prison inmate, which includes the exposure

---

[1] In Doc. #4, he states that he began working in the garment factory on March 18, 2010.

2

of body cavities for visual inspection, is not per se unreasonable under the Fourth Amendment. See Thorne v. Jones, 765 F.2d 1276 (5th Cir. 1985), citing United States v. Lilly, 576 F.2d 1240 (5th Cir. 1978). The Fourth Amendment requires only that these searches be reasonable under all the facts and circumstances in which they are performed. See Elliott v. Lynn, 38 F.3d 188 (5th Cir. 1994)(citations omitted). As articulated in this context by the United States Supreme Court in Bell v. Wolfish:

> The test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application. In each case it requires a balancing of the need for the particular search against the invasion of personal rights that the search entails. Courts must consider the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted.

441 U.S. 520, 559 (1979). The Fifth Circuit has interpreted this statement of reasonableness as "striking a balance 'in favor of deference to prison authorities' views of institutional safety requirements against the admittedly legitimate claims of inmates not to be searched in a humiliating and degrading manner.'" Elliott v. Lynn, supra, quoting Watt v. City of Richardson Police Dept., 849 F.2d 195, 196 (5th Cir. 1988).

There is an obvious penological interest in the maintenance of security and location of contraband within the prison. See Oliver v. Scott, 276 F.3d 736, 743 (5th Cir. 2002). Plaintiff believes the searches are unnecessary because there is a tool count policy in place, and because inmates walk through a metal detector.

3

Although these precautions monitor the tools and metal objects, they do not account for non-metal objects that are not tools, per se, but could be made into weapons if removed from the factory. Plaintiff's claim that the searches are unnecessary is conclusory.

Plaintiff complains that the searches are conducted in violation of Louisiana Department of Regulation policies and/or in violation of a contract between CCA and DOC. An inmate's right to be free from unconstitutional searches arises under the Constitution of the United States, not state policy or private contract. The failure of state officials to fulfill their duties under state law or contract does not give rise to a federal constitutional claim. See Myers v. Klevenhagen, 97 F.3d 91, 94 (5th Cir. 1996) (holding that a prison official's failure to follow the prison's own policies, procedures, and regulations does not constitute a violation of due process if constitutional minima are nevertheless met); Giovanni v. Lynn, 48 F.3d 908, 912 (5th Cir. 1995), cert. denied, 516 U.S. 860 (1995) (holding that a mere failure to accord procedural protection called for by state law or regulation does not of itself amount to a denial of due process); Murphy v. Collins, 26 F.3d 541, 543 (5th Cir. 1994) (holding that a state's failure to follow its own procedural regulations does not constitute a violation of due process if constitutional minima are met); Murray v. Mississippi Department of Corrections, 911 F.2d 1167, 1168 (5th Cir.1990), cert. denied, 498 U.S. 1050 (1991)

4

(holding that alleged violations of a state statute did not give rise to federal constitutional claims); Jackson v. Cain, 864 F.2d 1235, 1251 (5th Cir. 1989). As such, Plaintiff's claim should be dismissed.

Plaintiff's complaint that he is strip-searched in front of other inmates does not state a constitutional claim. Oliver v. Scott, 276 F.3d 736, 745 (5th Cir. 2002)(inmate's constitutional right to bodily privacy is minimal, at best); see also Elliott v. Lynn, 38 F.3d 188, 190-91 (5th Cir. 1994).

Finally, Plaintiff requests that injunctive relief be granted by having the Court order WNC to cease strip and visual cavity searches. Injunctive relief in the form of "superintending federal injunctive decrees directing state officials" to act or refrain from acting in a certain manner is an extraordinary remedy. See Morrow v. Harwell, 768 F.2d 619, 627 (5th Cir. 1985). Plaintiff has not demonstrated that such an extraordinary remedy is appropriate in this case.

### Conclusion

For the forgoing reasons, **IT IS RECOMMENDED** that Plaintiff's complaint be **DENIED AND DISMISSED with prejudice** for failing to state a claim for which relief can be granted pursuant to 28 U.S.C. §1915(e)(2)(b) and 1915A.

### Objections

**Under the provisions of 28 U.S.C. §636(b)(1)(c) and**

Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.**

THUS DONE AND SIGNED at Alexandria, Louisiana, this 15th day of April, 2013.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE